

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-37,879-05

### EX PARTE RIGH JUSTIN BISHOP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 60133-B IN THE 426TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to robbery and was sentenced to fifteen years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his sentence has been unlawfully extended by eleven months and three days by the unlawful application of Section 508.283(b) of the Texas Government Code. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall then state whether Applicant has ever been released to parole or mandatory supervision. If so, the response shall state whether Applicant was serving a sentence for, or had been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole or mandatory supervision was revoked. If Applicant was not serving a sentence for one of those enumerated offenses at the time of his revocation, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole or mandatory supervision before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on parole or mandatory supervision.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant is eligible to earn street time credit and, if so, whether he is receiving the proper credit for that time.

The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 29, 2020
Do not publish